■ ELIZABETH FRENCH, Respondent, v JOHN M. HOGAN, JR., et al., Individually and as Copartners Practicing Under the Name of HOGAN AND FITZNER, Appellants. [619 NYS2d 406] —Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 28, 1993 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff entered into a contract for the purchase of a residence in the Town of Wilton, Saratoga County, and thereafter employed defendant John M. Hogan, Jr., an attorney, to represent her in connection with the transaction. Following her purchase of the property, plaintiff commenced this legal malpractice action alleging defendants' negligence, among other things, in failing to advise her of the existence of a restrictive covenant that prohibited her intended use of the property as a bed and breakfast and making her aware of her options in that connection. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants now appeal.

We affirm. On the motion, defendants competently estab-

lished their freedom from negligence in connection with the negotiation, preparation and execution of the contract for purchase of the property. Significantly, it is undisputed that at the time plaintiff engaged Hogan, she had already signed the contract, which was in no way contingent upon her ability to devote the property to commercial use. Nonetheless, in view of defendants' failure to support their motion with evidence tending to disprove plaintiff's claim of damages, there remains an unresolved factual issue as to whether, if timely advised of the existence of the restrictive covenant, plaintiff could have avoided at least a significant portion of her alleged damages. We note that plaintiff claims to have incurred considerable expense in converting the property from a residence to a bed and breakfast following the transfer of title to her. Under the circumstances, we agree with Supreme Court that the existence of conflicting evidence as to whether plaintiff advised Hogan of her intent to put the property to commercial use precluded a grant of summary judgment in favor of defendants.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.